E. N. CALHOUN AND J. S. WILLIAMS, plaintiffs in error, vs MARY STOKES, defendant in error.

A new trial will be granted, when the verdict is strongly and decidedly against the weight of evidence.

Motion for a new trial. Fulton Superior Court, April Term, 1858, His Honor, Judge O. A. BULL, presiding.

This was an action, in the statutory form of complaint, by Mary Stokes, against Dr. Ezekiel N. Calhoun and John S. Williams, on a promissory note, given by Calhoun as principal, and Williams as his security, for the hire of a negro for the year 1855. The note was for ninety dollars. The defendant Calhoun, plead as an off-set, an account against plaintiff, amounting to eighty-three dollars, being for medical services, &c., rendered to said negro while sick in the months of November and December, 1855, and while in defendant's service.

The jury under the testimony and charge of the Court, found for the plaintiff the full amount of the note sued for. Defendant moved for a new trial, which the Court below refused, and defendant excepted, and assigned said refusal as error.

JAMES M. CALHOUN, for plaintiff in error.

THOMAS W. J. HILL; and HAMMOND & SON, contra..

By the Court.—LUMPKIN J. delivering the opinion.

It is in proof by Miss Gay, that at the time the negro was hired at Decatur, in December 1854, by her mother, to Dr. Calhoun, that it was expressly agreed, that if the negro became sick, her mother was to take him home and have him doctored. That her mother preferred having the boy at home, and to procure other medical attendance if he became sick, than that of Dr. Calhoun's; and that she refused to hire the negro upon any other terms. By express contract then between the parties, the hirer, Dr. Calhoun, was released from his legal obligation, to have the negro doctored in sickness.

It is to be inferred from the testimony, that Dr. Calhoun failed to notify the owner Mrs. Stokes of the sickness of the slave, as he promised to do, until it was too late to have him removed with safety. The evidence upon this point is not

Calhoun and Williams vs. Stokes.

so full and satisfactory as it might have been. Mrs. Stokes, learning that the boy, King, was sick, repairs to the premises of the defendant, in company with her daughter, Miss Gay, sometime in the month of November, where she meets Drs. Hillyer and Wilson ; and what transpired on that occasion, is in the record. Dr. Calhoun had been treating the case, which was one of Typhus *Gravior ;* it lasted two months, and its violence was such as usually characterizes that disease.

We think it may be safely assumed, that Mrs. Stokes, so far from dismissing Dr. Calhoun or desiring to do so, concluded, that it was best for him to continue the treatment of the case, and so expressed herself to him ; and that too, after he had absolutely refused to allow a consulting physician to be called in, at the instance of the plaintiff.

If when Mrs. Stokes was informed that her negro was sick, she had have left the matter as it stood, under the original understanding between Dr. Calhoun and herself, or expressly thrown upon him the responsibility of treating the negro at his own risk and gratuitously, the case might have been different.

After all, does not justice require, that Dr. Calhoun should be allowed reasonable compensation, at least, from the time that he was employed by Mrs. Stokes, to treat the boy, for what she did and said amounted to that. He was cured of a malignant attack ; what physician could have done more ? Many might have done worse ; the two month's board, five dollars per month, is quite reasonable. Less than it would have cost the mistress, including the expenses of removal and nursing. The merits of this case are with the defendant. As to the reasonableness of his bill, I cannot speak. It is sustained by the testimony of Messrs. Hillyer & Wilson, the latter, himself selected, by Mrs. Stokes, as the physician, to be associated with Dr. Calhoun, in the treatment of the case. And by the way, this additional expense has been saved to Mrs. Stokes, by the absolute, or obstinate if you

please, refusal of Dr. Calhoun, to suffer a consulting physician to be called in; which is all she ever proposed doing. She never did offer to supersede Dr. Calhoun, or dispense with him altogether. Whether Dr. Calhoun be-entitled to charge for as many visits in attending the negro as he did, upon his own premises, or in his own infirmary, is rather a question perhaps for the jury, than the Court.

I have felt no inclination to contrast the testimony in this case. It can hardly be said to be conflicting. It is not amiss to remark, that on one side, it partakes a little perhaps of the spiciness which is peculiar to some temperaments, and which any daughter might naturally feel, at the supposed wrongs done to a parent.

I may have gone beyond what the case strictly required, in several of the suggestions, which I have made. My motive has been to induce the parties to arrest this litigation by adjusting the controversy upon the principles of equity.

Judgment reversed.